UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACY HUA and CHI HUNG MU, | |
| Plaintiffs, | Civil Action No. 19-5821 (MAS) (TJB) |
| v. | **MEMORANDUM ORDER** |
| NATIONSTAR MORTGAGE LLC; MR. COOPER; KML LAW GROUP, P.C. and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2007-OA2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA2, | |
| Defendants. | |

This matter comes before the Court on KML Law Group, P.C.'s ("KML") Motion to Dismiss (ECF No. 7), and Nationstar Mortgage LLC d/b/a Mr. Cooper and Deutsche Bank National Trust Company as Trustee for GSR Mortgage Loan Trust 2007-OA2, Mortgage Pass-Through Certificates, Series 2007-OA2's ("Bank Defendants") (KML and Bank Defendants, collectively, "Defendants") Motions to Dismiss Tracy Hua and Chi Hung Mu's (collectively, "Plaintiffs") Complaint. (ECF No. 9).

KML and the Bank Defendants filed their motions on April 3, 2019 and April 5, 2019, respectively. On April 22, 2019, Plaintiffs filed their first Motion for Extension of Time to File Response/Reply. (ECF No. 11.) Plaintiffs requested an extension to file opposition until May 20, 2019 because they recently received pleadings in a Mercer County Superior Court foreclosure matter and indicated that they would likely use some of the documents submitted by Defendants as exhibits to the instant motion. (*Id.*) Plaintiffs asserted that an extension would "merely make sure all documentation currently available are [sic] used to make the clearest argument possible as to why this case should not be dismissed" and that "[t]here will not be any further extensions

needed." (*Id.*) The Honorable Tonianne J. Bongiovanni, U.S.M.J., granted Plaintiffs' first Motion for Extension of Time to File Response, and extended Plaintiffs' opposition deadline to May 20, 2019. (ECF No. 12.) Plaintiffs, however, failed to file opposition.

On September 20, 2019, Plaintiffs filed their second Motion for Extension of Time to respond to Defendants' Motion to Dismiss. (ECF No. 14.) Plaintiffs requested an extension to September 27, 2019 to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to remedy "perceived deficiencies" in their complaint "so this case can proceed as expeditiously as possible." (Mot. for Extension of Time ¶¶ 2,4, ECF No. 14). Under Rule 15(a)(2), however, Plaintiffs must file a motion for leave to file an amended complaint. *see* Fed. R. Civ. P. 15(a)(2). Judge Bongiovanni, therefore, granted Plaintiffs' second Motion for Extension of Time, extended Plaintiffs' opposition deadline, and ordered that Plaintiffs must file a cross-motion for leave to file an amended complaint by October 21, 2019. (Order 1, ECF No. 16.) Despite two motions for extensions and two Orders granting extensions, Plaintiffs have yet to file an opposition brief and a motion to amend the complaint.[1]

The Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Court's consideration of whether to dismiss an action under Rule 41(b) is governed by the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

---

[1] It appears that Plaintiffs have engaged in similar litigation tactics in this district. Specifically, two months after a final foreclosure judgment was entered against them in New Jersey state court, Plaintiffs filed a complaint, which included claims alleged in the instant matter, before the Honorable Brian R. Martinotti, U.S.D.J. *See* Complaint, *Hua v. First Nat'l Bank of Ariz.*, No. 17-7662 (D.N.J. July 16, 2008), ECF No. 1. On July 16, 2018, Judge Martinotti granted the defendants' motion to dismiss because Plaintiffs conceded that their complaint contained deficiencies and requested leave to file an amended complaint if their complaint was dismissed. Order, *Hua*, No. 17-7662 (D.N.J. July 16, 2018), ECF No. 13. Judge Martinotti also granted Plaintiffs leave to file an amended complaint within twenty days of the entry of the dismissal Order. (*Id.*) Plaintiffs failed to file an amended complaint, and the court subsequently terminated the case.

(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted). Here, after careful consideration of the pleadings, Plaintiffs' failure to oppose Defendants' motions, and Plaintiffs' acknowledgment of the perceived deficiencies in the Complaint, the Court finds good cause to grant Defendants' Motions to Dismiss. Based on Plaintiffs' failure to comply with the Court's previous orders in this matter, however, the Court shall not automatically provide Plaintiffs with the opportunity to file an amended complaint. Rather, the Court finds good cause to require Plaintiffs to show cause in this matter. Accordingly, based on the foregoing, and for other good cause shown,

**IT IS** on this 27th day of November 2019, **ORDERED** that:

1. Defendants' Motions to Dismiss (ECF Nos. 7 & 9) are **GRANTED**. Plaintiffs' Complaint is dismissed without prejudice.

2. By **December 20, 2019**, Plaintiffs must show cause, by way of e-filed legal brief and accompanying attorney certification, as to why the Complaint should not be dismissed with prejudice for failure to prosecute and failure to comply with the Court's orders. Plaintiffs must attach their proposed form of amended complaint to their Order to Show Cause response.

3. Following review of Plaintiffs' response to the Order to Show Cause, the Court will enter an appropriate form of order.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3